NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

CALLAS,

    *Plaintiff,*

v.

CALLAS, *et al.*,

    *Defendants.*

Civil Action No. 14-7486

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on an appeal by Defendants George Callas and Yvonne Callas ("Defendants"), D.E. 214, of Magistrate Judge James B. Clark's Opinion and Order, D.E. 203, denying Defendants' motion for leave to file a Third Amended Answer and Counterclaim, and denying in part Defendants' request for certain discovery. Judge Clark's Opinion and Order (the "2017 Opinion") were issued on August 11, 2017. D.E. 203. The Court reviewed all submissions[1] and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Defendants' appeal is **DENIED**.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

As noted, the 2017 Opinion denied Defendants' motion to file a Third Amended Answer and Counterclaim, and also granted in part and denied in part Defendants' motion to compel Plaintiff to produce certain records. D.E. 203. The complete factual background described in the

---

[1] Defendants' brief in support of their appeal will hereinafter be referred to as "Defs. Br." (D.E. 214); Plaintiff's opposition to Defendants' appeal will hereinafter be referred to as "Pl. Opp." (D.E. 215); Defendants' reply in further support of their appeal will hereinafter be referred to as "Defs. Reply" (D.E. 216).

2017 Opinion is hereby incorporated into this Opinion. As a result, the Court will only summarize the background of this matter.

This case arises out of a dispute among siblings as to the amounts owed to the estate of their father, Constantine Callas (the "Estate"). Plaintiff, William Callas, brought this suit against the executors of the Estate, Penny, George, and Yvonne Callas (the "Co-Executors"), regarding the value of Constantine's ownership in a real estate holding company, Coffee Associates LLC (the "LLC"). Plaintiff and Constantine were the only members of the LLC, with Constantine holding a 40% interest prior to his death and Plaintiff holding a 60% interest. The LLC's Operating Agreement includes a "put notice" provision stating that "personal representative(s) of the deceased member may give notice requiring the other member to purchase the deceased member's interest in [the LLC]." After Constantine's death, the Co-Executors exercised their "put notice" option by giving Plaintiff notice of their intent to have Plaintiff purchase the Estate's 40% interest in the LLC.

The central dispute is the value of LLC's primary asset: a property located in Edgewater, New Jersey (the "Property"). The Property was, and is, used to operate Coffee Associates, Inc. (the "Coffee Business"). The Coffee Business operates on the Property pursuant to leases executed between the LLC and the Coffee Business. The most recent lease, which is at issue here, was executed in March 2006 (the "Lease"). D.E. 76, Ex. 4. The Lease ran for ten years beginning on January 1, 2006, and provided the Coffee Business the option to renew the Lease for six additional five-year terms. William signed the Lease on behalf of both the LLC and the Coffee Business.

In 2017, Defendants moved to amend their answer and counterclaim. In denying the motion to amend, Judge Clark found as follows:

> [T]he Court cannot accept Defendants' assertion that they were not aware of Plaintiff's position regarding the effect of the Lease on the

2

> value of the Property until the October 11, 2016 settlement conference. . . . [B]ecause Defendants possessed the necessary knowledge necessary to move for the present amendment long before the expiration of the August 14, 2015 deadline and have failed to set forth a satisfactory reason for delaying to move to amend until November 10, 2016, the Court finds that Defendants have failed to demonstrate good cause for their untimely motion under Rule 16 and their motion to amend is therefore denied.[2]

D.E. 203 at 11.

Defendants filed this appeal of Judge Clark's decision on September 26, 2017. D.E. 214. Plaintiff filed a brief in opposition on October 23, 2017, D.E. 215, to which Defendants replied on October 30, 2017, D.E. 216.

## II. APPEAL STANDARD

A magistrate judge may hear and determine any non-dispositive pretrial matter pursuant to 28 U.S.C. § 636(b)(1)(A). A district court may only reverse a magistrate's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985). Under this standard, a district court "will not reverse the magistrate judge's determination even if the court might have decided the matter differently." *Bowen v. Parking Auth. of City of Camden*, No. 00-5765, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002). The court will, however, "conduct a *de novo* review a magistrate judge's legal conclusions." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

---

[2] Judge Clark alternately found that "even if Defendants had demonstrated good cause [pursuant to Rule 16], Defendants' motion would be denied under Rule 15" because "Defendants unduly delayed in moving for the present amendment." D.E. 203, at 12 n.4.

3

"Where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied." *Miller v. P.G. Lewis & Assocs., Inc.*, No. 05-5641, 2006 WL 2770980, at *1 (D.N.J. Sept. 22, 2006). An abuse of discretion occurs "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable [person] would take the view adopted by the trial court." *Ebert v. Twp. of Hamilton*, No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016).

### III. ANALYSIS

#### A. Defendant's Motion for Leave to Amend

Defendants argue that it was clearly erroneous for Judge Clark to deny Defendants' request to amend its counterclaims because Defendants satisfy both Rules 16 and 15 of the Federal Rules of Civil Procedure. Defendants continue that they could not have reasonably foreseen that "William would seek to deprive the Estate of the fair value of its 40% interest in the LLC based upon the absurd terms of the Fraudulent 2006 Lease." Defs. Br. at 8.

Judge Clark determined that Rule 16 applies to Defendants' motion. "The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." *Karlo v. Pittsburgh Glass Works, LLC*, No. CIV.A. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011). Rule 15 provides, in part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. "Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order." *Karlo*, 2011 WL 5170445, at *2. "[W]here a party seeks to amend its pleadings after a deadline set by court order, the decision whether to allow the amendment is controlled by

Rule 16(b)." *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010); *see Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005); *see also* Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE, 6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed.2010) ("[T]o the extent that other federal rules, such as Rule 15 governing pleading amendments, contain a more lenient standard than good cause, the Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15.").

Judge Clark then determined that Defendants' had not shown "good cause" under Rule 16. "Good cause" under Rule 16 is largely dependent on the diligence displayed by the moving party. *GlobespanVirata, Inc. v. Texas Instruments, Inc.*, No. CIV.A. 03-2854 (GEB), 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (citing *Rent–A–Center v. Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y.2003)). When examining "good cause" in the context of a request to allow an untimely motion to be filed, courts typically look to whether the party possessed enough information to bring the proposed claim in advance of the deadline. *See, e.g., Dimensional Commc'ns, Inc.*, 148 F. App'x at 85 (upholding Magistrate Judge's finding that a party "could not satisfy Rule 16(b)'s good cause requirement because [the party] was in possession of the facts underlying its proposed counterclaim well before the amendment deadline" and nevertheless failed to file); *Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. CIV. 08-3121(RBK/JS), 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (upholding Magistrate Judge's finding that "Plaintiffs had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline" and therefore denying the parties' motion to amend).

Here, the Court finds that Judge Clark's finding that Defendants failed to meet the "good cause" standard required by Rule 16 was neither clearly erroneous nor contrary to law. Judge

Clark examined a number of stated reasons for Defendants' motion. First, in their letter to the Court, Defendants argued that they did not have the knowledge necessary to file their fraudulent transfer claim because they "were not provided with copies of the Lease until discovery commenced, and after the deadline to amend pleadings had expired." D.E. 107 at 4-5. However, as noted by Judge Clark, Defendants' initial and Amended Answer and Counterclaim refer to the Lease. Importantly, Defendants' own filings admit that they had possession of the Lease before filing their Amended Answer and Counterclaims. D.E. 144 at 2. Second, Judge Clark examined Defendant's argument that that they were unaware until the October 11, 2016 settlement conference that Plaintiff believed that the Lease would affect the value of the Property. Judge Clark found that Plaintiff's position regarding the Lease and the value of the Property "can be traced as far back as Plaintiff's Complaint." D.E. 203 at 10. Paragraph 45 of the Complaint does, in fact, mention "Coffee Associates' long term, renewable leasehold interest in the Property." D.E. 1 at ¶45.[3] The Court finds that Judge Clark's analysis of these arguments was neither clearly erroneous nor contrary to law.

---

[3] Paragraph 45 of the Complaint states:

> "On information and belief, the Estate has violated that duty by performing and failing to perform in bad faith its obligations under the Operating Agreement regarding the Put Notice, including, without limitation, by: (i) asserting in bad faith a grossly inflated valuation of the Property based on false assumptions and analysis and material omissions, including, without limitation, disregard of the present use of the Property and of Coffee Associates' long term, renewable leasehold interest in the Property; (ii) thereby contravening the clear intention of the William and Constantine in creating the LLC, in having it purchase the Property, and in entering into the Operating Agreement, steps the overriding purpose of which was to ensure Coffee Associates' ability to continue occupying and operating its coffee business on the Property; and (iii) failing and refusing to communicate with

Next, Judge Clark examined Defendants argument that they could not have reasonably assumed until the October 11, 2016 settlement conference that Plaintiff would argue that the Lease should be considered in the valuation of the property. Judge Clark found that this assertion was "squarely at odds not only with the information presented by Plaintiff in this matter, but also with Defendants' own statements." D.E. 203 at 10-11. Defendants now similarly argue on appeal that they "could never have known that [Plaintiff] would seek to deprive the Estate of the fair value of its 40% interest in the LLC based upon the absurd terms of the Fraudulent 2006 Lease." Defs. Br. at 8. However, a simple examination of paragraph 45 of the Complaint shows that Defendants were on notice that this was a potential issue in the case. Defendants argue that they "should not be faulted for not anticipating that [Plaintiff] would later rely on this single allegation to argue that the Property's valuation must be determined based upon a fraudulent Lease that he secretly executed as landlord and tenant." Defs. Br. at 9. Again, the Lease was specifically mentioned in the Complaint, adequately putting Defendants on notice. The Court finds that Judge Clark's analysis was neither clearly erroneous nor contrary to law.

Because the Court finds that Judge Clark's finding that Defendants failed to meet the "good cause" standard required by Rule 16 was neither clearly erroneous nor contrary to law, the Court need not examine whether Defendants satisfy the requirements of Rule 15. *Velto v. Reliance Standard Life Ins. Co.*, No. 10-CV-01829 DMC-JAD, 2011 WL 810550, at *4 (D.N.J. Mar. 1, 2011) ("Only once the party has shown sufficient "good cause" to amend the Rule 16 Order to

---

William concerning the Put Notice until November 20, 2014, some nine months after sending him the Put Notice, in bad faith, with the intention of putting William under undue pressure to accept the Estate's belated $8.6 million appraisal of the Property, notwithstanding that appraisals' patent unreasonableness and contravention of the terms and intent of the Operating Agreement.

extend the deadline will the Court evaluate the proposed amendment under Rule 15(a).""). Therefore, the Court denies Defendans' appeal concerning Judge Clark's decision as to their motion to amend.

### B. Defendant's Request for Certain Discovery

Defendants also briefly argue that this Court should reverse Judge Clark's partial denial of Defendants' motion to compel the production of documents relating to the LLC's finances which post-date the filing of the Complaint. Defs. Br. at 17-18. Judge Clark granted Defendants' motion for discovery "to the extent that Plaintiff shall provide Defendants with: (1) documents showing any and all rent paid to the LLC by the Coffee Business subsequent to the filing of the Complaint; and (2) a certification stating that no distributions were made by the LLC" and denied "the remainder of the information sought" by Defendants. D.E. 203 at 18. Defendants argue on appeal that they are entitled to additional financial information about the LLC that post-dates the filing of the Complaint because "Judge Clark gave no explanation for his reasoning . . . , and it is difficult to conjecture what explanation there could have been" for Judge Clark's partial denial. Defs. Br. at 18.

However, the Court finds that there is no need for "conjecture" to understand Judge Clark's decision. To the contrary, Judge Clark provided convincing and thorough reasoning for his partial denial. *See* D.E. 203 at 16-17. Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Judge Clark examined the relevance of the requested documents to Defendants' relevant claims. In regards to Defendants' claim for breach of a fiduciary duty, Judge Clark ordered that "Plaintiff shall provide Defendants with documents showing any and all rent paid to the LLC by the Coffee Business subsequent to the filing of the Complaint," but denied Defendants' request for discovery of the LLC's financial information after February 23, 2013 because it was irrelevant to Defendants' claim for breach of a fiduciary duty. D.E. 203 at 16. In regards to Defendants' claim for accounting, Judge Clark found that "any relevance i[s] negligible and not proportional to the needs of this case" because the "only relevant inquiry in determining the value of Constantine's interest in the LLC involves information up until the date of Constantine's death." D.E. 203 at 17. Lastly, in regards to Defendants' member oppression claim based on an allegation that they did not receive distributions that they were entitled to, Judge Clark found that "a certification by Plaintiff" that at no time during the history of the LLC did the LLC ever make any distributions would be enough to "resolve this issue and provide Defendants with the information to which they are entitled." D.E. 203 at 17. Judge Clark provided clear and appropriate reasons for limiting Defendants' request for discovery. Judge Clark's decision not an abuse of discretion, clearly erroneous, or contrary to law.

### IV. CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** on this 26th day of January, 2018,

**ORDERED** that Defendants' appeal (D.E. 214) is **DENIED**.

_____
John Michael Vazquez, U.S.D.J.

9