NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALLAS,<br><br>       *Plaintiff,*<br><br>v.<br><br>CALLAS, *et al.*,<br><br>       *Defendants.* | Civil Action No. 14-7486<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on a motion for reconsideration filed by Plaintiff William Dean Callas ("Plaintiff"), D.E. 188, of the Court's Opinion and Order denying Plaintiff's motion to dismiss Count Six of the amended counterclaims filed by Defendants George and Yvonne Callas, D.E. 181. The Court's Opinion (the "Opinion") and Order were issued on March 24, 2017. D.E. 181, 182. Defendants George and Yvonne Callas (the "Co-Executors") filed a brief in opposition to Plaintiff's motion. D.E. 193. The Court reviewed all submissions made in support of the motions and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is **DENIED**.

### I. RECONSIDERATION STANDARD

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. Plaintiff has complied with this time requirement. Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to

correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Granting a motion for reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted).

A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Reconsideration is an "extraordinary remedy" that is granted "very sparingly." *Brackett v. Ashcroft*, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citations omitted).

## II. ANALYSIS

Plaintiff does not argue that there has been an intervening change in law or that new evidence is available. Instead, Plaintiff argues that reconsideration is "necessary to correct a clear error of law." Pl. Br. at 1. Plaintiff's legal analysis, in its initial motion to dismiss, consisted of two and one-half pages. D.E. 21 at 4-6. Although there is an operating agreement ("Operating Agreement") applicable to the current dispute, Plaintiff solely relied on the applicability of New Jersey's Revised Uniform Limited Liability Company Act as the basis for its motion. *Id.* In his reply, Plaintiff briefly addressed the impact of the Operating Agreement. D.E. 28 at 5-6.

In its Opinion, the Court found that the "outcome of this motion turns on whether the present dispute is governed by the Act or the Operating Agreement." Opinion, D.E. 181 at 8.

After observing that "there is an Operating Agreement that addresses the relationship between the LLC's members, and specifically indicates what happens to a member's interest upon death," Opinion, D.E. 181 at 10, the Court found the Operating Agreement controlling. The Court, however, denied Plaintiff's motion to dismiss Count Six because the Operating Agreement "is arguably ambiguous as to the status of a deceased member's interest in between his time of death and the time his interest is sold." Opinion, D.E. 181 at 11. In other words, the Court found that there was a controlling Operating Agreement that contained provisions which expressly addressed the issue before the Court, but the interaction of those provisions was insufficiently clear to rule on as a matter of law on a motion to dismiss.

Plaintiff's arguments now center on his claim that the Court misinterpreted and misapplied the Act. Specifically, Plaintiff takes issue with the Court's statement in its Opinion that "the Act controls only in the absence of an operating agreement or if a listed exception applies." Opinion, D.E. 181 at 8 (citing *Brick Prof'l, L.L.C. v. Napoleon*, No. A-1283-08T3, 2009 WL 2176699, at *3 (N.J. App. Div. July 23, 2009); *Union Cty. Improvement Auth. v. Artaki*, 392 N.J. Super 141, 152 (App. Div. 2007)). Plaintiff claims the Court's statement is contradicted by the language of the statute, as well as by relevant case law because the Act includes a provision that states that "[t]o the extent the operating agreement does not otherwise provide for a matter described in subsection a. of this section, this act governs the matter." N.J.S.A. 42:2C-11(b). Plaintiff argues that the Court overlooked the language of section (b) and that this section "flatly contradicts [the Court's] conclusion that 'the Act controls only in the absence of an operating agreement.'" Pl. Br. at 2 (quoting Opinion, D.E. 181 at 8). Plaintiff attempts to argue that the Court misapplied the Act because while courts often have "consistently held that New Jersey's statute governing LLCs . . . controls only in the absence of an operating agreement," *Brick Prof'l, L.L.C. v. Napoleon*, No. A-

1283-08T3, 2009 WL 2176699, at *3 (N.J. Super. Ct. App. Div. July 23, 2009) (citing N.J.S.A. 42:2B-1 to -70), some courts have also stated that the Act controls "in the absence of a *contrary* operating agreement," *Kuhn v. Tumminelli*, 366 N.J. Super. 431, 501, 841 A.2d 496, 501 (App. Div. 2004) (emphasis added). Plaintiff focuses on the difference in phrasing to base its claim that the Court's conclusions are "flatly contrary to both the controlling statute and the controlling case law." Pl. Br. at 9. Plaintiff's claims are wholly without merit.

First, these arguments were available to Plaintiff when he brought his motion to dismiss and he failed to raise them. In making his motion to dismiss, Plaintiff utterly failed to address the effect of the Operating Agreement, instead relying on the Act. In his reply to the motion to dismiss, Plaintiff touched upon the Operating Agreement, but did not provide a convincing analysis. His reply, again, focused on the Act. To the extent Plaintiff is now rearguing the effect of the Operating Agreement, a motion for reconsideration is not appropriate to rehash previously rejected assertions. Moreover, to the extent Plaintiff did not raise his current arguments in his motion to dismiss, such arguments were clearly available to him and he chose, for whatever reason, not raise them. Yet, Plaintiff's failure to make a timely argument not a basis for reconsideration.

Second, the Court is also unconvinced by Plaintiff's substantive argument.[1] The Act clearly states that "[t]o the extent the operating agreement does not otherwise provide for a matter described in subsection a. of this section, this act governs the matter." N.J.S.A. 42:2C-11(b). In turn, subsection (a) states, in part, that "[e]xcept as provided in subsections b. and c. of this section,

---

[1] The Court notes that both parties cite to the current Act, which was enacted in 2013. The Court further notes that both parties cite to cases addressing the previous version of the Act before it was repealed and replaced. *See IE Test, LLC v. Carroll*, 226 N.J. 166, 183 (N.J. 2016). To be clear, the Court is not precluding either party from arguing, in the future, which version of the Act should apply in this case.

4

the operating agreement governs: (1) the relations among the members as members and between members and the limited liability company . . ." N.J.S.A. 42:2C-11(a)(1).

Plaintiff argues that the Act applies in the absence of a contrary provision in the Operating Agreement. D.E. 188-1 at 7. However, the Court did not find in its Opinion that Operating Agreement was silent as to the issue being contested. Instead, the Court found that the Operating Agreement expressly provided the definition of "member," as well as explicitly provided for the "Transferability of LLC Interests" and the "Death and Disability" of members. Opinion, D.E. 181, at 9. Thus, as to the relevant issues, there were contrary provisions in the Operating Agreement. Instead, the Court rejected the motion to dismiss because the interplay of these provisions was ambiguous and attempting to decide the correct interpretation, on a motion to dismiss, was inappropriate.

For the reasons state above, because Plaintiff fails to fulfill his burden of showing that the Court made a clear error of law, Plaintiff's motion for reconsideration is denied.

### III. CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** on this 25th day of January, 2018,

**ORDERED** that Plaintiff's motion for reconsideration (D.E. 188) is **DENIED**.

John Michael Vazquez, U.S.D.J.