**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM DEAN CALLAS, *Plaintiff*, v. PENNY CALLAS, GEORGE CALLAS, AND YVONNE CALLAS IN THEIR CAPACITIES AS THE CO-EXECUTORS OF THE ESTATE OF CONSTANTINE CALLAS, *Defendants*. | Civil Action No. 14-7486 (JMV) (JBC) **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Currently pending before the Court is Defendants George Callas and Yvonne Callas' appeal of Magistrate Judge Clark's April 3, 2018 Order denying Defendants' request to compel Plaintiff William Dean Callas to produce certain discovery. D.E. 233 ("Clark Order"). Defendants argue that the fiduciary exception to the traditional attorney-client privilege rule applies, preventing Plaintiff from asserting privilege over the discovery sought. D.E. 233-3 at 1. The Court reviewed all submissions,[1] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Defendants' appeal is denied.

---

[1] Defendants' brief in support of its appeal will be referred to as "Def Br.," D.E. 233-3; Plaintiff's opposition to this appeal will be referred to as "Pl. Opp'n," D.E. 235; Defendants' reply to this opposition will be referred to as "Def. Reply," D.E. 236.

## I. BACKGROUND

The Court included an extensive factual background in its prior opinion denying Defendants' appeal of Magistrate Clark's December 7, 2016 Order, which the Court incorporates by way of reference here. D.E. 181 at 2-4. The Court highlights the following facts for purposes of review and to summarize the most recent dispute.

All parties to this action are children of Constantine Callas, who passed away on February 23, 2013. Clark Order at 1. Plaintiff brought this action against Defendants, his siblings and the executors of Constantine's estate (the "Estate"), to determine the value of the Estate's ownership in a real estate holding company, Coffee Associates LLC (the "LLC"), of which Plaintiff and Constantine were the only members. *Id.* Pursuant to the LLC's operating agreement, Plaintiff is entitled, and has elected, to buy out the Estate's 40% interest in the LLC (which would give Plaintiff 100% ownership, as he currently owns 60%). *Id.* at 1-2. The core issue in this case is the value of the LLC's primary asset – real property located in Edgewater, New Jersey (the "Property"). *Id.* at 2.

The present issue concerns whether Plaintiff must produce documents relating to the LLC's challenges of the Property's tax assessments; Plaintiff refused to produce the information, relying on the LLC's attorney-client privilege. *Id.* at 3. Defendants argue that by virtue of their role as co-executors of the Estate, which includes Constantine's 40% share in the LLC, they "have as a matter of law a right to all documents related to the activities of the [LLC]." *Id.* at 4.

Defendants first raised[2] this privilege argument in a telephone conference on March 27, 2017, stating vaguely that there was "an issue with [P]laintiff's privilege assertions." *Id.* at 5

---

[2] Prior to this, the parties had already been engaged in a discovery dispute over documents related to the LLC's tax assessment challenges. Defendants initiated this dispute via letter on January 9, 2017, D.E. 137. Plaintiff responded on January 12, 2017, D.E. 138. Judge Clark then held a

2

(citing D.E. 184 at 45:15-24). In response, Judge Clark directed Defendants "to submit any dispute to Plaintiff, to meet and confer regarding any unresolved portion of their disagreement, and to submit a subsequent joint letter to the Court providing details of the parties' dispute along with their respective positions if further intervention was required." *Id.*

The parties submitted their joint letter ("Joint Letter") on April 10, 2017, D.E. 190, although it appears that the parties did not meet and confer first as directed. Clark Order at 6. In the Joint Letter, Defendants argued (1) that any assertion of attorney-client privilege by Plaintiff on behalf of the LLC is improper because Plaintiff owes Defendants and the LLC a fiduciary duty; (2) that a letter to Plaintiff from his attorney, David Carmel, Esq., dated November 19. 2007, discussing a contemplated challenge to the Property's tax assessment, cannot be properly withheld from disclosure on the basis of attorney-client privilege; and (3) that Plaintiff should be ordered to produce all documents related the Property's tax assessments challenges.[3] *Id.* at 6. Defendants only appeal Judge Clark's decision allowing Plaintiff to assert attorney-client privilege on behalf of the LLC. Def. Br. at 1.

## II. STANDARD OF REVIEW

A magistrate judge may hear and determine any non-dispositive pretrial matter pursuant to 28 U.S.C. § 636(b)(1)(A). A district court may only reverse a magistrate's decision on these

---

telephone conference on the record on January 13, 2017, to hear further argument from the parties on the discovery issues related to the LLC's tax assessments. Defendants did not raise the privilege issue at any time during these prior communications.

[3] Judge Clark held another telephone conference on August 14, 2017 and Defendants requested permission to file additional briefing on the issues raised in the Joint Letter. Clark Order at 5-6 n. 2 (citing D.E. 208 at 16:18-23). At no point during the four months between the submission of the Joint Letter (April 10, 2017) and the phone conference (August 14, 2017) had Defendants requested additional briefing. In order to avoid further delay, and because Defendants had ample time to respond to Plaintiff's arguments in their *joint* letter, the Court denied Defendants' request. *Id.*

matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985). Under this standard, a district court "will not reverse the magistrate judge's determination even if the court might have decided the matter differently." *Bowen v. Parking Auth. of City of Camden*, No. 00-5765, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002). The court will, however, "conduct a *de novo* review a magistrate judge's legal conclusions." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

"Where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied." *Miller v. P.G. Lewis & Assocs., Inc.*, No. 05-5641, 2006 WL 2770980, at *1 (D.N.J. Sept. 22, 2006). An abuse of discretion occurs "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable [person] would take the view adopted by the trial court." *Ebert v. Twp. of Hamilton*, No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016). "This deferential standard is especially appropriate when the Magistrate Judge has managed [the] case from the outset and developed a thorough knowledge of the proceedings." *Id.*

### III. DISCUSSION

Judge Clark denied Defendants' request for an order "'preventing [Plaintiff] from asserting attorney-client privilege on behalf of the LLC against [Defendants]' in any circumstance." Clark Order at 6-8 (quoting D.E. 190 at 3). Judge Clark first found that, under New Jersey law, which applies in this diversity jurisdiction case, "[t]here is no dispute that Plaintiff is the holder of the

4

controlling 60% interest in the LLC and is therefore the individual entitled to assert the attorney-client privilege on behalf of the LLC." *Id.* at 7. Plaintiff does not dispute this conclusion. *See* Def. Br.

Judge Clark then analyzed whether the "fiduciary exception" to the attorney-client privilege rule, set forth by the United States Court of Appeals for the Fifth Circuit in *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir. 1970), applies. Clark Order at 7-8. Judge Clark explained that "[i]n *Garner*, the Fifth Circuit determined that in stockholder derivative suits, privileged communications between corporate management and corporate attorneys could be obtained by shareholders to prove fiduciary breaches upon a showing of 'good cause.'" *Id.* at 7 (citing *Garner*, 430 F.2d at 1103). Judge Clark then included the following list of factors (the "*Garner* factors") that are illustrative, but not exhaustive, in determining whether "good cause" exists:

> [T]he number of shareholders and the percentage of stock they represent; the bona fides of the shareholders; the nature of the shareholders' claim and whether it is obviously colorable; the apparent necessity or desirability of the shareholders having the information and the availability of it from other sources; whether, if the shareholders' claim is of wrongful action by the corporation, it is of action criminal, or illegal but not criminal, or of doubtful legality; whether the communication related to past or to prospective actions; whether the communication is of advice concerning the litigation itself; the extent to which the communication is identified versus the extent to which the shareholders are blindly fishing; the risk of revelation of trade secrets or other information in whose confidentiality the corporation has an interest for independent reasons.

*Id.* at 7-8 (quoting *Garner*, 430 F.2d at 1104). Although not specifically mentioned in Judge Clark's Order, the party seeking to pierce the privilege beards the burden of demonstrating good cause. *See Arcuri v. Trump Taj Mahal Assocs.*, 154 F.R.D. 97, 106 (D.N.J. 1994) (denying a motion to compel discovery because "the plaintiff here has failed to meet its burden of demonstrating the good cause contemplated by *Garner* to pierce the attorney-client privilege.").

Judge Clark recognized that "Defendants' arguments are completely devoid of any mention or discussion of the *Garner* factors" and "[i]n fact, Defendants do not even explicitly assert that such good cause exists but simply state that '[u]nder the fiduciary exception . . . to the attorney-client privilege, the documents that [Plaintiff] seeks to withhold as privileged are plainly discoverable.'" *Id.* at 8 (quoting D.E. 190 at 2). Judge Clark concluded that "[i]n the absence of any argument or explanation by Defendants in support of their position, the Court cannot find that Defendants have demonstrated the requisite good cause for the disclosure of the LLC's privileged documents" and denied Defendants' request accordingly. *Id.*

The Court affirms Judge Clark's decision. Judge Clark has managed this contentious litigation from the outset, and his decision does not amount to an abuse of discretion. Moreover, Defendants raise new arguments on appeal, which were not presented to Judge Clark. This Court will not overturn Judge Clark's decision on an argument that Defendants failed to fully argue before him. *See Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 211 (D.N.J. 1997) ("[A] magistrate's decision should not be disturbed on the basis of arguments not presented to him."); *see also id.* ("Common sense and efficient judicial administration dictate that a party should not be encouraged to make a partial presentation before the magistrate on a major motion, and then make another attempt entirely when the district judge reviews objections to an adverse recommendation issued by a magistrate.").

As noted, Defendants first raised this privilege issue during a telephone conference on March 27, 2017, stating vaguely that there was "an issue with [P]laintiff's privilege assertions." *Id.* at 5 (citing D.E. 184 at 45:15-24). Once raised, Judge Clark directed Defendants to submit a Joint Letter detailing their respective positions on the privilege dispute. *Id.* The parties submitted their Joint Letter on April 10, 2017. D.E. 190. While Defendants argued that that the fiduciary

exception applies, the full extent of their argument was: "[u]nder the 'fiduciary exception' or '*Garner* exception' to the attorney-client privilege, the documents that [Plaintiff] seeks to withhold as privileged are plainly discoverable." D.E. 190 at 2. Defendants noted generally that "good cause" factors exist, but did not enumerate these factors or apply them to the facts of the case. *Id.* at 2. Thus, Defendants failed to meet their burden of demonstrating that "good cause." On appeal, Defendants' now attempt to explain why "good cause" exists, through an analysis of the *Garner* factors, but failed to do so before Judge Clark.

Defendants pose a number of arguments as to why they failed to fully argue this point before Judge Clark. They assert that Judge Clark instructed that the Joint Letter would "initially approach the issue," that Judge Clark limited them to two-and-one-half pages in the Joint Letter, and that Judge Clark denied their request for supplemental briefing. Def. Br. at 8. Defendants are correct that Judge Clark stated that "a joint letter of five pages would be the way I would at least like to initially approach the issue." *See* Def. Reply at 236. However, Defendants offer no explanation as to why they waited *four months* to request additional briefing on the issue after submitting the Joint Letter. *See* D.E. 208 at 16:18-23. Given Judge Clark's obligation to efficiently manage this case, it was reasonable for him to have denied supplemental briefing at that time.

Defendants also argue that "Judge Clark did not even attempt to discuss the intuitive and self-evident connections between the illustrative, but not mandatory, *Garner* factors and the undisputed facts of this case." Def. Br. at 8.[4] But, of course, Judge Clark is just that – a judge; he is not counsel in the case and he is not an advocate for either party. It is Defendants' burden – not

---

[4] Moreover, Defendants' repeated claim that the application of the *Garner* factors is "intuitive," "self-evident," "predicable," and "obvious," Def. Br. at 8-16, is undercut by their own extensive analysis of the *Garner* factors on appeal.

7

Judge Clark's burden – to demonstrate the application of the *Garner* factors. In fact, it would be inappropriate for Judge Clark to use his "intuition" in deciding an issue of which Plaintiff was not on notice. Defendants conspicuously failed to meet their burden in the Joint Letter. Judge Clark therefore appropriately ruled on the arguments presented to him and it would be inappropriate for this Court to now set aside his decision on the basis of arguments that Defendants could have presented but failed to do. Defendants failed to meet their burden of demonstrating "good cause" to invoke the fiduciary exception before Judge Clark, therefore Judge Clark did not abuse his discretion in his April 3, 2018 Order. The Court denies Defendants' appeal.

## IV. CONCLUSION

For the reasons set forth above, and for good cause shown,

**IT IS** on this 4th day of February, 2019,

**ORDERED** that Defendants' appeal of Judge Clark's April 3, 2018 Order (D.E. 233) is **DENIED**.

_____
John Michael Vazquez, U.S.D.J.